IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NADER DARYAPAYMA and FARIBA DARYAPAYMA, | § § § § § | |
| Plaintiffs, | | |
| v. | § § § | CIVIL ACTION NO. 3:13-cv-01853-P |
| THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF THE CWABS, INC., ASSET-BACK CERTIFICATES, SERIES 2006-15, | § § § § § § § | |
| Defendant. | § | |

## DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO DISMISS

Defendant The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificateholders of the CWABS, Inc., Asset-Back Certificates, Series 2006-15 ("BONY"), pursuant to FED. R. CIV. P. 12(b)(1) and 12(b)(6) files this Brief in Support of its Motion to Dismiss all claims of Plaintiffs Nadar Daryapayma and Fariba Daryapayma ("Plaintiffs") as asserted in Plaintiffs' Second Amended Original Petition.

### I.    FACTUAL BACKGROUND

On June 29, 2004, Plaintiffs contracted for the purchase of their residence at 4561 Royal Lane in Dallas, Texas (the "Property"). These contracts included a note and deed of trust[1] securing the note. Plaintiffs contend the amount of the first loan was for $735,000.00.[2]

---

[1] *See* Ex. "A" to Pl. First Amend. Pet.
[2] Actually two loans, one for $650,000 and one for $85,000. *See* Pl. Amend. Pet., pp. 2-3, § IV.

Subsequently, on July 26, 2006, Plaintiff Nader Daryapayma executed a note[3] for home equity loan ("HEL"). Both Plaintiffs executed the security instrument on the HEL.[4] The HEL was alleged to be for $937,500.00.[5]

As a result of defaulting on their HEL, Defendant sought[6] and obtained an Order of Foreclosure of Plaintiffs' property.[7] Plaintiffs are in litigation in the Dallas Justice Court regarding Defendant's forcible entry and detainer to take possession of the property.[8] In their present suit, Plaintiffs contend the HEL is void under the Texas Constitution and seek an order declaring the same. They seek an order setting aside the foreclosure order entered by the 162nd Judicial District Court due to alleged constitutional irregularities. They further seek to have this Court enjoin the Dallas Justice Court from hearing and ruling on the pending forcible entry and detainer now pending before it.

### III. STANDARD OF DISMISSAL

Motions to dismiss under FED. R. OF CIV. P. 12(b)(1) and 12(b)(6) have the same standard of review; however the movant bears the burden under 12(b)(6) while the party asserting jurisdiction bears the burden under 12(b)(1).[9]

The Hon. Melinda Harmon recently provided an excellent summary of the standard of review for a 12(b)(6) motion:

> "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ... a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . [Internal citations omitted]. "Factual allegations must be enough to raise a right to relief

---

[3] *See* Ex. "B" to Pl. First Amend. Pet.
[4] *See* Ex. "C," to Pl. First Amend. Pet., p. 13 of the Exhibit.
[5] See Pl. First Amend. Pet., p. 4, § IV.
[6] *See* Ex. "F" to Pl. First Amend. Pet. (Application for Home Equity foreclose Order, filed in the 162nd Judicial District Court in Dallas).
[7] *See* Ex. "G" to Pl. First Amend. Pet. (Order for Home Equity Foreclosure).
[8] See Ex. "H" to Pl. First Amend. Pet. and P. Second Amend. Pet., p. 9.
[9] *Goodwine v. Sodexo, Inc.*, No. H–12–1910, 2012 WL 6048667, at *2 (S.D. Tex. Dec. 5, 2012).

447052.4

above the speculative level." [Internal citations omitted]. ("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). "*Twombly* jettisoned the minimum notice pleading requirement of *Conley v. Gibson*, 355 U.S. 41 ... (1957) ["a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"], and instead required that a complaint allege enough facts to state a claim that is plausible on its face." . . . Dismissal is appropriate when the plaintiff fails to allege " 'enough facts to state a claim to relief that is plausible on its face' " and therefore fails to " 'raise a right to relief above the speculative level.'"

\* \* \*

In *Ashcroft v. Iqbal*, 129 S.Ct. at 1940, the Supreme Court, opined that Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice" under Rule 12(b). *Iqbal*, 129 S.Ct. at 1949. The plaintiff must plead specific facts, not merely conclusory allegations, to avoid dismissal.

\* \* \*

On a Rule 12(b)(6) review, although generally the court may not look beyond the pleadings, the Court may examine the complaint, documents attached to the complaint, and documents attached to the motion to dismiss to which the complaint refers and which are central to the plaintiff's claim(s), as well as matters of public record. . . . Taking judicial notice of public records directly relevant to the issue in dispute is proper on a Rule 12(b)(6) review and does not transform the motion into one for summary judgment.

\* \* \*

Dismissal under Federal Rule of Civil Procedure 12(b)(6) is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim."[10]

## IV.    ARGUMENT

A.    **Plaintiffs' Claims Are Barred In Part for Want of Jurisdiction**

In Plaintiffs' Second Amended Petition, as a portion of the relief sought, Plaintiffs seek to have the Court enjoin the Dallas Justice Court from proceeding with or ruling on a forcible entry

---

[10] *Herrera v. Wells Fargo Bank, N.A.,* No. H–13–68, 2013 WL 961511, at \*1-2 (S.D. Tex. Mar. 12, 2013).

and detainer action now pending before that court.[11] "The justice court has original jurisdiction of . . . cases of forcible entry and detainer."[12] Neither the Dallas District Court from which this case emanated, nor this Court, have jurisdiction to stop the eviction proceedings, nor to enjoin the Justice Court from ordering eviction.

On May 9, 2013, the Houston Court of Appeals addressed this issue. In *Trotter v. The Bank of New York Mellon*,[13] the plaintiff contended that the district court had superior jurisdiction over the county court regarding eviction proceedings. In rejecting the plaintiff's claims, the *Trotter* court reiterated: "Jurisdiction to hear a forcible-detainer action is expressly given to the justice court of the precinct where the property is located and, on appeal, to the county court for trial de novo."[14] The court then noted that while the county court did not have jurisdiction to rule on the issue of title, the district court could not rule on the eviction[15] but both courts could proceed forward together to address each issue independent of the ruling of the other.[16] In other words, the county court could order possession to the defendant bank even though title to the property was still undecided.[17] Resolving the title dispute is not a prerequisite to the right to immediate possession.[18]

In September of 2012, the Hon. Sam Lindsay addressed a near-identical situation to that presented in this cause. In *Preston v. Seterus, Inc.*,[19] Justice Lindsay was asked to address whether the federal court had jurisdiction "enjoin Defendants from evicting them from the

---

[11] *See* Pl. Second Amend. Pet., p. 5 ("Plaintiffs continue to seek temporary and permanent injunctive relief to prevent the Defendant from pursuing its attempts to evict the Plaintiffs from their home.").
[12] TEX. GOV'T CODE, § 27.031; TEX. PROP. CODE, § 24.004(a).
[13] 14–12–00431–CV, 2013 WL 1928776 (Tex.App. – Houston [14th dist.] May 9, 2013, no pet. filed).
[14] *Id*. at *2.
[15] *Id*.
[16] *Id*.
[17] *Id*.
[18] *Id*. at *3.
[19] No. 3:12–CV–2395–L, 2012 WL 3848122 (N.D. Tex. Sept. 5, 2012).

447052.4

Property."[20]  In denying plaintiffs their injunction, Justice Lindsay noted the issue of possession was to be determined by the Justice Court and, further, if any other remedy for obtaining relief from the eviction is sought, the same was available through the Texas Rules of Civil Procedure in that court.[21]

This Court lacks jurisdiction to affect the forcible entry and detainer suit now pending in Dallas Justice Court, Precinct 3, Place 2.[22]

**B.    Plaintiffs' Claims Are Barred by the Statute of Limitations**

The sum and substance of Plaintiffs claims are based on an alleged violation of certain provisions of the Texas Constitution regarding obtaining the HEL, including allegations: (a) the loan exceed 80 percent of the fair market value of the property,[23] and (b) Defendant failed to timely correct the issue after notice of the same.[24]  As the statute of limitations for claims regarding home equity loans is four-years, accruing when the loan is secured, the Plaintiffs claims are barred as a matter of law.

The Fifth Circuit Court of Appeals' recent decision in *Priester v. JP Morgan Chase Bank, N.A.*[25] is directly on point in barring the Plaintiffs' suit.  First, the *Priester* Court addressed whether any limitation period existed regarding claims made under 50(a)(6), concluding:

> [We] have arguably already acknowledged that a limitations period applies. Numerous district and bankruptcy courts have also applied the four-year limitations period.[26]  We thus conclude that a limitations period applies to constitutional infirmities under Section 50(a)(6).[27]

---

[20] *Id*. at *1.
[21] *Id*. at *3.
[22] *See* Pl. Second Amend. Pet., p. 9 regarding forcible entry and detainer action now pending in that Justice Court.
[23] Tex. Const., Art. XVI, § 50(a)(6)(B).
[24] Tex. Const., Art. XVI, § 50(a)(6)(Q)(x).
[25] 708 F.3d 667 (5th Cir. 2013)
[26] TEX. CIV. PRAC. & REM. CODE, § 16.051 ("Every action for which there is no express limitations period, except for the recovery of real property, must be brought not later than four years after the day the cause of action accrues").
[27] *Id*. at 674.

447052.4

The Court next addressed when the cause of action accrues. Plaintiffs' most recent pleadings speak directly to why the *Priester* Court found that the cause of action accrues when the lender makes the loan.[28] Plaintiffs amended their pleadings to draft a story about conversations in July of 2010 wherein Plaintiffs are alleged to have put the Defendant on notice of a defect.[29] Not only did this story not appear in Plaintiffs' Original and First Amended Petition, but it also did not exist in the affidavits filed by the Plaintiffs with their First Amended Petition.[30]

The *Priester* Court was not blind to exactly this type of maneuvering. As in the present case, plaintiffs in *Priester* allege they sent correspondence (letters) to the original lender, and a subsequent lender, seeking cure of alleged unconstitutional deficiencies.[31] Consequently, "[t]hey contend[ed] that the period runs at the notice of demand for cure of the constitutional deficiencies or failure to cure."[32] The Court rejected the Priester's contention, holding:

> We therefore conclude that the legal injury rule applies to the creation of unconstitutional liens. Insofar as the period of limitations exists to preserve evidence and create settled expectations, it would essentially be nullified by allowing parties to wait many years to demand cure. The injury occurred when the Priesters created the lien, and there was nothing that made the injury undiscoverable.[33]

As noted by Plaintiffs themselves, the alleged deficiency was anything but undiscoverable. Their own pleadings clarify the alleged deficiency was a simple matter of math – and they even provided this Court with an example of how simple the problem was to discover – $735,000 + $937,500 = $1,672,500 which is greater than $1,200,000. The story Plaintiffs now put forth is the abuse the *Priester* Court sought to bar.

---

[28] *Id*. at 675.
[29] *See* Pl. Second Amend. Pet., p. 4.
[30] *See* Ex. E-1 and E-2 to Pl. Second Amend. Pet.
[31] In the instant case, Plaintiffs only allege they gave notice, but did not indicate how that occurred (writing, email, telephone). Pl. Second Amend. Pet., p. 4.
[32] 708 F.3d at 675.
[33] *Id*. at 675-76.

447052.4

The HEL was entered into on July 26, 2006 and it is now 2013; well past the 4-year limitations period. Therefore, Plaintiffs have stated a claim upon which relief cannot be granted.

C.    **As Plaintiffs continue to reside on the property, there is no cause of action for wrongful foreclosure**

As Plaintiffs swear to in the in affidavits attached to their pleadings, Plaintiffs continue to reside in the Property made the basis for suit.[34] The courts have been clear that where the party claiming wrongful foreclosure has not been evicted, there is no cause of action because there are no damages and therefore no cause of action. As stated last year by Magistrate Judge Irma Carrillo Ramirez: "'Under a wrongful foreclosure cause of action for damages, recovery is premised upon one's lack of possession of real property.' . . . '[T]herefore, individuals never losing possession of the property cannot recover [damages] on a theory of wrongful foreclosure.'"[35]

As damages are an element of a claim for wrongful foreclosure,[36] the Plaintiffs have failed to state a claim on which relief may be granted.

D.    **As a matter of law, Plaintiffs are not entitled to injunctive relief**

To obtain injunctive relief, the Plaintiffs must first show "a probable right to recovery through a claim or cause of action."[37] "Under Texas law, a request for injunctive relief is not itself a cause of action but depends on an underlying cause of action."[38] Plaintiffs have no right to otherwise recover in this lawsuit and therefore are also not entitled to an injunction.

---

[34] *See* Exhibits E-1 and E-2 attached to Pl. First Amend. Pet.
[35] *Franklin v. BAC Home Loans Servicing, LP*, No. 3:10–CV–1174–M, 2012 WL 2679496, at *11 (N.D. Tex. June 6, 2012) *recomm. adopted by* Hon. Barbara Lynn, 2012 WL 2688809 (Mar. 14, 2012), *quoting Burnette v. Wells Fargo Bank, N.A.*, 2010 WL 1026968, at *2 (E.D. Tex. Feb .16, 2010); *see also Olaoye v. Wells Fargo Bank, NA*, No. 4:11–CV–772–Y, 2012 WL 1082307, at *3 (N.D.Tex. Apr. 2, 2012).
[36] *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex.App.-Corpus Christi 2008, no pet.)
[37] *Webb v. Wells Fargo Bank, N.A.*, No. H–12–0805, 2013 WL 145042, at *6, n. 41 (S.D. Tex. Jan. 11, 2013), *quoting Brown v. Ke–Pinq Xie*, 260 S.W.3d 118, 122 (Tex.App.-Houston 2008, no pet.).
[38] *Cook v. Wells Fargo Bank, N.A.*, No. 3:10–CV–0592–D, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010).

447052.4

## **PRAYER**

For these reasons, Defendant respectfully requests that the Court grant its Motion to Dismiss and dismiss all claims against them in Plaintiffs' Second Amended Petition with prejudice to refiling same.

Respectfully submitted,

**MCGLINCHEY STAFFORD, PLLC**

By: ___/s/Lorin M. Subar___
    **R. DWAYNE DANNER**
    State Bar No. 00792443
    **LORIN M. SUBAR**
    State Bar No. 19456800
    McGlinchey Stafford, PLLC
    2711 North Haskell Ave., Suite 2750, LB 25
    Dallas, Texas  75204
    Telephone: (214) 445-2422
    Facsimile: (214) 445-2450
    lsubar@mcglinchey.com

**ATTORNEYS FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 16, 2013 a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing has been forwarded to all counsel of record by operation of the Court's electronic filing system.

___/s/ Lorin M. Subar_____
**Lorin M. Subar**